1

2

3

4

5

6

7

8                     **IN THE UNITED STATES DISTRICT COURT**

9                     **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    ALFRED L. BROOKS,                          No.  2:19-CV-02277-JAM-DMC-P

12                    Petitioner,

13        v.                                      FINDINGS AND RECOMMENDATIONS

14    DEAN BORDERS,

15                    Respondent.

16

17              Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas

18    corpus under 28 U.S.C. § 2254. Pending before the Court is Respondent's Motion to Dismiss. ECF

19    No. 12. Respondent argues (1) that Petitioner's petition is successive, and he did not receive

20    permission from the United States Court of Appeals for the Ninth Circuit to file a successive

21    petition, and (2) alternatively, that his federal petition is untimely. Id. at 3–4. Petitioner first

22    responds that his petition is not successive because he has raised a new claim based on the United

23    States Supreme Court's ruling in Johnson v. United States, 576 U.S. 591 (2015). ECF No. 16 at 1–

24    2. He secondly responds that the Court may entertain his petition because a fundamental

25    miscarriage of justice has occurred and because the Antiterrorism and Effective Death Penalty Act

26    (AEDPA) tolls the statute of limitations for one year from the date on which the Supreme Court

27    recognized and made retroactive a new constitutional right. Id. at 2–4.

28    ///

                                                      1

1

## I. <u>BACKGROUND</u>

2

    **A.  <u>State Proceedings</u>:**

3

              After a struggle and argument, Petitioner shot and killed his wife. ECF No. 1 at 10.

4 Petitioner pled guilty to second-degree murder in the Superior Court of the County of El Dorado.

5 <u>Id.</u> at 11; ECF No. 14-2 at 1. The trial court sentenced him to 15-years-to-life in prison on January

6 4, 1989. ECF No. 14-1 at 1.

7

              The California Court of Appeal affirmed the judgment of the trial court. ECF No.

8 14-2 at 2. Petitioner did not seek review in the Supreme Court of California. ECF No. 12 at 2. He

9 has, however, filed at least seven state petitions for writs of habeas corpus challenging his

10 conviction.[1] ECF Nos. 14-3, 14-5, 14-7, 14-9, 14-11, 14-13. Each petition was denied. ECF Nos.

11 14-4, 14-6, 14-8, 14-10, 14-12, 14-14.

12

              Petitioner filed a first petition in the Superior Court on November 20, 1990. ECF

13 No. 14-4 at 1. That petition was denied. <u>Id.</u> He filed his second petition in the same court on July

14 13, 2001. ECF No. 14-3. Petitioner raised allegations of ineffective assistance of counsel at trial,

15 coercion into entering a plea by the trial judge, and ineffective assistance of counsel in the filing of

16 a *Wende* brief in the California Court of Appeal. ECF No. 14-4 at 1. He raised the same allegations

17 in the first petition. <u>Id.</u> at 1–2. The trial court denied the second petition as untimely. <u>Id.</u> The trial

18 court also denied the petition for raising the same issues as the first petition and concluded that

19 Petitioner's counsel was not ineffective for complying with *Wende* procedure. <u>Id.</u> at 2.

20

              Petitioner filed his third petition in the California Court of Appeal on August 20,

21 2001. ECF No. 14-5. That court denied the petition on September 6, 2001. ECF No. 14-6.

22

              Petitioner filed his fourth petition in the Supreme Court of California on September

23 30, 2001. ECF No. 14-7 at 8. He alleged that his counsel was ineffective for only filing a *Wende*

24 brief (rather than, for instance, a brief alleging the trial court coerced Petitioner into pleading

25 guilty), that all his prior attorneys were ineffective, that the trial court coerced him into pleading

26

---

27 [1] A copy of the first petition has not been submitted to the Court. Petitioner's filing of his first petition is reflected in a note by the trial court in an order denying a later petition. <u>See</u> ECF No. 14-4 at 1. Respondent contends in his Motion to Dismiss that the first petition was filed before commencement of the statute of limitations and has no effect on the ultimate federal petition. ECF No. 12 at 2 n.4.

28

1    guilty, that trial counsel had a conflict of interest, and that the prosecutor knowingly used false

2    testimony. Id. at 3–6. The Supreme Court denied the petition on May 1, 2002. ECF No. 14-8.

3        Petitioner filed a fifth petition in the Superior Court on June 12, 2018. ECF No. 14-

4    9. He listed as grounds for the writ that California's second-degree murder statute is

5    unconstitutionally "vague and divisive." Id. at 3. Petitioner's factual and legal arguments, however,

6    variously contended that he was coerced into pleading guilty, that the plea agreement to which he

7    agreed was invalid, that his conviction constituted a double jeopardy violation, and that a new

8    constitutional right announced in Johnson v. United States, 576 U.S. 491 (2015) extended the time

9    to file a petition. Id. at 3–26. The Superior Court denied the petition on October 1, 2018, as

10   successive and for failing to raise any issue that had not been raised before. ECF No. 14-10.

11       Petitioner filed his sixth petition in the state Court of Appeal on October 14, 2018.

12   ECF No. 14-11. He raised the same grounds as he did in his fifth petition before the Superior Court.

13   See id. at 3–26. The Court of Appeal denied the petition on November 2, 2018. ECF No. 14-12.

14       Finally, Petitioner filed his seventh state petition in the Supreme Court of California

15   on December 19, 2018. ECF No. 14-13. He again raised his vagueness argument under primarily

16   the same facts as the petitions before the Superior Court and Court of Appeal. Id. at 6–7, 9–32. The

17   Supreme Court denied the petition on May 15, 2019. ECF No. 14-14.

18   **B.  Previous Federal Petition:**

19       Petitioner filed a previous federal habeas petition challenging his conviction on

20   February 4, 2003. ECF No. 14-16 at 1. The assigned United States Magistrate Judge recommended

21   dismissing the petition as untimely. See id. at 9. The United States District Court Judge adopted the

22   findings and recommendations and dismissed the case on February 2, 2005. ECF No. 14-17. The

23   United States Court of Appeals affirmed dismissal of the petition as time-barred on December 13,

24   2006. ECF Nos. 14-19, 14-21. The United States Supreme Court denied certiorari on October 1,

25   2007. ECF No. 14-22.

26   ///

27   ///

28   ///

**C.  <u>Current Federal Petition</u>:**

Petitioner filed the instant petition for a writ of habeas corpus on October 21, 2019. ECF No. 1 at 8. As with his fifth petition, he lists as grounds for the writ that California's second-degree murder statute is unconstitutionally "vague and divisive." <u>Id.</u> at 5. Petitioner's factual and legal arguments, however, variously contend that he is factually innocent of second-degree murder, that he was coerced into pleading guilty, that the plea agreement to which he agreed is invalid, that California has violated his plea agreement, that his conviction constituted a double jeopardy violation, and that a new constitutional right announced in <u>Johnson v. United States</u>, 576 U.S. 491 (2015) extends the time to file a petition. <u>Id.</u> at 9–19.

## II. <u>DISCUSSION</u>

Respondent argues that the current petition is successive, and that Petitioner filed it without permission of the Ninth Circuit. ECF No. 12 at 3–4. Respondent alternatively posits that Petitioner's federal petition is untimely. <u>Id.</u> at 4–5. Firstly, in Respondent's view, the petition is successive because Petitioner's previous federal petition, which challenged the same conviction and sentence as the present petition, was dismissed as untimely. <u>Id.</u> at 3. Respondent argues that dismissal of an inmate's federal habeas corpus petition for noncompliance with limitations periods is an adjudication on the merits rendering future federal petitions challenging the same judgment "second or successive" under 28 U.S.C. § 2244(b). <u>Id.</u> And under 28 U.S.C. § 2244(b), district courts may not consider a second or successive petition unless the applicant moves in the Court of Appeals for permission. Petitioner did not apply to the Ninth Circuit, and the petition must accordingly be dismissed. <u>Id.</u> at 4.

Secondly, Respondent contends that Petitioner's habeas petition is untimely because Petitioner filed it more than twenty years late. <u>Id.</u> AEDPA, which became effective on April 24, 1996, provides a one-year limitations period in which to file a habeas petition, running from the date a conviction becomes final. <u>Id.</u> Petitioner's conviction became file when the time to appeal his conviction to the Supreme Court of California expired on May 23, 1990. <u>Id.</u> Because his conviction became final before AEDPA's came into being, Petitioner had one year from AEDPA's effective

1  date to file a petition. Id. He did not do so, and no tolling applies. Id. His first petition was also

2  dismissed as untimely in 2003. Id. at 3.

3         Petitioner's opposition focuses on the successiveness issue. ECF No. 16. Petitioner

4  first responds that his petition is not successive because he has raised a new claim based on the

5  United States Supreme Court's ruling in Johnson v. United States, 576 U.S. 591 (2015). ECF No.

6  16 at 1–2. He specifically argues that his petition is not successive because it is the first time he has

7  raised a void for vagueness issue as to California's second-degree felony murder statute. Id. at 1.

8  He suggests that he could not have raised a claim earlier because the U.S. Supreme Court handed

9  Johnson down in 2015 and made it retroactive in 2016. Id. at 2. Even if the petition is successive,

10 the Court may entertain successive petitions if a fundamental miscarriage of justice has occurred.

11 Id. Petitioner contends that his conviction under an unconstitutionally vague statute is a

12 fundamental miscarriage of justice. Id. Finally, Petitioner states that AEDPA tolls the statute of

13 limitations for one year from the date on which the Supreme Court recognized and made retroactive

14 a new constitutional right. Id. at 2–3. He implies that his petition is timely under AEDPA's tolling

15 provision and in light of Johnson. Id.

16    **A.  Plaintiff Must Seek Leave from the Ninth Circuit to File his Petition:**

17         The Court need not reach the merits of Petitioner's claims on opposition that an

18 AEDPA exception applies to his petition. His petition is a second or successive petition requiring

19 authorization from the Ninth Circuit before being filed. Petitioner seems to suggest that the

20 successiveness of a petition depends upon the claims raised—if he did not raise a particular claim

21 in a previous petition, then a new petition raising the claim is not successive. See id. at 1–2.

22 Petitioner is incorrect.

23         AEDPA, under 28 U.S.C. § 2244, imposes strict procedures on prisoners in custody

24 under a State court judgment and who wish to challenge that custody in a "second or successive

25 petition." See, e.g., Burton v. Stewart, 549 U.S. 147, 152–53 (2007); Chades v. Hill, 976 F.3d 1055,

26 1056 (9th Cir. 2020). AEDPA bars claims "presented in a second or successive habeas corpus

27 application . . . that [were] presented in a prior application . . . ." 28 U.S.C. § 2244(b)(1). It also

28 bars claims that were *not* raised in a prior application unless one of two exceptions exist. 28 U.S.C.

§ 2244(b)(2)(A)–(B). The new claim must either (1) rely on a new rule of constitutional law that the U.S. Supreme Court has made retroactive to cases on collateral review, or (2) the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes innocence. Id. Before a petitioner may file a second or successive petition, the petitioner must seek an order from the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(3)(A); Chades, 976 F.3d at 1056–57. Without authorization from a court of appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2000); see Burton, 549 U.S. at 152–53. Here, Petitioner must seek authorization to file a second or successive habeas application from the Ninth Circuit. See Jones v. Ryan, 733 F.3d 825, 842 (9th Cir. 2013).

"Second or successive," however, does not refer to the individual claims raised, as Petitioner argues. See Magwood v. Patterson, 561 U.S. 320, 331–34 (2010). Section 2244's limitations apply to habeas *applications* under 28 U.S.C. § 2254; specifically, "application[s] for a writ of habeas corpus on behalf of a person in custody pursuant to the *judgment* of a State court . . . ." Magwood, 561 U.S. at 332 (quoting 28 U.S.C. § 2254). Prisoners applying for relief under § 2254 seek invalidation of the *judgment* authorizing their incarceration, not the claims they raise on petition. Id. If a district court grants relief, it is the state court judgment that is invalidated and a new judgment that States may seek. Id. at 332–33. A federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition and if the petition challenges the *same* state court judgment as the initial petition. See id. at 331–34; Brown v. Muniz, 889 F.3d 661, 667 (9th Cir. 2018). In other words, a petition is second or successive if it contests the same custody imposed by the same judgment of a state court. See Magwood, 561 U.S. at 331–34; Brown, 889 F.3d at 667; see also Burton, 549 U.S. at 153.

A second petition can only be successive if the first petition was resolved on the merits. See McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). A disposition is on the merits if the district court considers and rejects the claims or determines that the claims cannot be considered in federal court. McNabb, 576 F.3d at

1029. Resolution of a petition on procedural grounds, such as failure to exhaust state remedies, that leave open the possibility of further litigation is not resolution on the merits. McNabb, 576 F.3d at 1029; see Goodrum v. Busby, 824 F.3d 1188, 1193–94 (9th Cir. 2016). But dismissal of a first petition with prejudice because of a procedural default that forecloses review by federal courts *is* an adjudication on the merits. McNabb, 576 F.3d at 1029. Dismissal, for instance, of a first habeas petition because it is untimely is a permanent bar to federal review of the underlying claims and constitutes resolution on the merits. Id. at 1030.

Were Petitioner challenging an intervening judgment or, for example, raising a petition that had previously been dismissed on technical grounds such as failure to exhaust state remedies, his petition would not be second or successive for the purposes of § 2244. See Brown, 889 F.3d at 667; McNabb, 576 F.3d at 1029–30. But Petitioner challenges the same judgment authorizing his incarceration as he did in his previous federal petition. See ECF Nos. 1, 14-16. The Court dismissed Petitioner's first federal petition as untimely. ECF Nos. 14-16, 14–17. The Court's dismissal of Petitioner's first habeas application on timeliness grounds was an adjudication on the merits. McNabb, 576 F.3d at 1030. Because Petitioner challenges the same judgment as his first petition that was resolved on its merits, his current petition is second or successive under § 2244. See Magwood, 561 U.S. at 331–34; Brown, 889 F.3d at 667; McNabb, 576 F.3d at 1029–30; see also Burton, 549 U.S. at 153. Petitioner was accordingly required to file a motion in the Ninth Circuit requesting an order authorizing review of his petition. 28 U.S.C. § 2244(3)(A); Chades, 976 F.3d at 1056–57; Jones, 733 F.3d at 842. He did not do so. His petition must be dismissed. See Cooper, 274 F.3d at 1274; see also Burton, 549 U.S. at 153; Chades, 976 F.3d at 1056–57.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (ECF No. 12) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with

1   the court. Responses to objections shall be filed within 14 days after service of objections. Failure

2   to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951

3   F.2d 1153 (9th Cir. 1991).

4

5   Dated:  December 9, 2020

6                                                                              _____

7                                                                              DENNIS M. COTA
                                                                               UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28